UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEANN GRAHAM, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-386 DRL-MGG |
| COCA-COLA CONSOLIDATED, INC., | |
| Defendant. | |

## OPINION AND ORDER

Ms. DeAnn Graham filed a *pro se* complaint against her former employer, Coca-Cola Consolidated, Inc., alleging claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Coca-Cola has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), claiming Ms. Graham's complaint fails to state a claim upon which relief can be granted and falls short of the requirements of Fed. R. Civ. P. 8 and 10. In the alternative, Coca-Cola requests a more definite statement. The court now denies both motions.

## BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in Ms. Graham's favor, the following facts emerge. Ms. Graham began working at Coca-Cola in May 2016 as a merchandiser. ECF 1-1 at 7. She performed well in her position. She never received any oral or written warnings, completed her required trainings, and generally received excellent praise from her immediate supervisor, Aaron Ridge. *Id.*

In January 2018, Ms. Graham began to complain about a decrease in her pay rate. *Id.* at 8. She told her supervisor, Aaron Ridge, that she was unable to make ends meet with the new pay rate. *Id.* Despite the pay decrease, Ms. Graham continued with the company. Around this time, William Leinart

joined management. *Id.* Ms. Graham complains that she began to experience retaliation after complaining of her pay rate and that it escalated after Mr. Leinart arrived at Coca-Cola. *Id.*

On March 7, 2018, Ms. Graham had a meeting with several members of management, including Mr. Ridge. *Id.* The purpose of this meeting was to discuss racially insensitive remarks made by Mr. Ridge about African-Americans at the company. *Id.*

Three days after her meeting with management, March 10, 2018, Ms. Graham was informed that she was being terminated for insubordination. *Id.* Ms. Graham was told that she had not completed her mandatory safety class. *Id.* at 7. In response, Ms. Graham informed Coca-Cola that she had completed her most recent safety class, due March 1, 2018 (*id.* at 10) and did not have another class due until March 31, 2018 (*id.* at 7).

Ms. Graham believed that her termination was retaliation for reporting Mr. Ridge's comments. *Id.* at 8. She timely filed a charge with the Indiana Civil Rights Commission (*id.* at 2-3) alleging retaliation and discrimination on the basis of her sex, race, and age (*id.*). Ms. Graham received her right-to-sue letter from the EEOC on February 23, 2019. ECF 1 at 1. Ms. Graham then filed this timely complaint alleging discrimination and retaliation. ECF 1-1.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is

sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Of course, because Ms. Graham is a *pro se* plaintiff, the court must liberally construe her complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

DISCUSSION

A.   Federal Rules of Civil Procedure 8 and 10

Coca-Cola argues that Ms. Graham's complaint must be dismissed because it does not satisfy Federal Rules of Civil Procedure 8 and 10. Coca-Cola objects to the "long, rambling" nature of Ms. Graham's complaint and argues that it fails to satisfy the "short and plain statement" requirement of Rule 8(a) and the numbered paragraph requirement of Rule 10(b).

To satisfy Rule 8, "a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012) (internal quotations omitted). Rule 10(b) requires a party to state its claims or defenses in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." These rules require plaintiffs to "make their pleadings straightforward," *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003), and drafted to "direct the defendant to the factual cause of the plaintiff's injury," *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995); *see also Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Noncompliance with these rules can result in dismissal when "the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Stanard*, 658 F.3d at 797.

The complaint here must be construed liberally, however. *Erickson*, 551 U.S. at 94. While "*pro se* litigants are not excused from compliance with procedural rules," *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)), it is imperative

3

the court "take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sherriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996).

Despite the court's duty to look at a *pro se* complaint with "an understanding eye," *Donald*, 95 F.3d at 555, serious violations have resulted in dismissal under Rules 8 and 10. *See, e.g., Williams v. Chi. Transit Auth.*, No. 16-C-9072, 2017 U.S. Dist. LEXIS 166191, 12 (N.D. Ill. Sept. 30, 2017) (dismissing *pro se* complaint without prejudice pursuant to Rule 10(b) because the unnumbered paragraphs were presented in a "highly unclear manner"); *Brown v. First State Bank of Harvard*, No. 94-C-50187, 1995 U.S. Dist. LEXIS 18895, 1 (N.D. Ill. Nov. 27, 1995) (dismissing *pro se* complaint with prejudice pursuant to Rule 8(a) because plaintiffs had already filed two complaints that were filled with "unnecessary factual detail, redundancy, conclusions, arguments and verbosity") (citing *Vicom, Inc. v. Harbridge Merchant Serv., Inc.*, 20 F.3d 771, 776 (7th Cir. 1994)).

In this case, Ms. Graham has submitted what appears to be a prototypical *pro se* complaint: it is in narrative form; not organized by numbered paragraphs; and contains many unnecessary facts that Ms. Graham nonetheless believes are important to her case. For a *pro se* complaint, it is not unduly long—totaling only three pages—and has several pages of exhibits attached (*e.g.,* her Indiana Civil Rights Commission charge and EEOC right-to-sue letter), which are not unusual.

While her complaint may contain unnecessary allegations, it is not unduly littered; and dismissal would not be appropriate "merely because of the presence of superfluous matter." *Stanard*, 658 F.3d at 797. While unorganized to a degree, the complaint appropriately gives notice of her claims, aided by the inclusion of her EEOC charge. After all, Coca-Cola was capable of articulating arguments against the claims pursuant to Rule 12(b)(6). Because the complaint served the primary purpose of Rules 8 and 10—*i.e.,* notice—the court finds that dismissal under Rules 8 and 10 would be procedurally

4

harsh and inappropriate in this case; however, that does not mean Ms. Graham's claims in their substance, on the face of this pleading, survive a motion to dismiss under Rule 12.

B.  Ms. Graham's Claims of Retaliation and Discrimination

To survive a motion to dismiss, Ms. Graham need not allege a *prima facie* case of discrimination or retaliation. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"). In its briefing, Coca-Cola lists the standards for establishing a *prima facie* case of retaliation under Title VII (ECF 11 at 8, 11); however, that test is reserved for summary judgment or a later stage of litigation as it is an evidentiary standard. *See Swierkiewicz*, 534 at 510.

For her claims of discrimination, Ms. Graham must allege that Coca-Cola "instituted a (specified) adverse employment action against [her] on the basis of her [protected class.]" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A plaintiff need only generally allege the defendant's intent. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007). For example, a sufficient complaint can merely state, "I was turned down for a job because of my race." *Id.* (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)).

In her complaint, Ms. Graham alleges that she is African-American (so a member of a protected class). ECF 1-1 at 2. She alleges that she was meeting her employer's legitimate performance expectations; indeed, she explains she never received a warning, followed her employer's rules, took its mandatory classes, and otherwise performed her job, and then explains how Coca-Cola's reason for termination may prove pretextual. ECF 1-1 at 7. She was terminated, so suffered an adverse employment action.[1] *Id.* She even argues that she was treated differently (terminated) from others who had not completed their February safety test. ECF 17 at 2. Although she didn't need to track the

---

[1] Ms. Graham also alleges that she received a pay decrease from Coca-Cola, but does not in her complaint allege that this was because of her race, so the court focuses only on her ultimate job termination.

5

elements of a discrimination claim, she did so. *See Tamayo*, 526 F.3d at 1084; *Concentra Health*, 496 F.3d at 781.

More than that, the complaint alleges that Ms. Graham was terminated "for Discrimination, and Retaliation," which might in another case prove just conclusory and insufficient except that she goes on to allege a culture of racial remarks and that Coca-Cola fired her to send "a threatening message to any African American that opposes [the company]"—that is, fired her because of a race-based motivation.[2] The complaint may not be a model example of a discrimination claim—particularly that the termination was motivated by race—and the true gist of her claim may well be one based on retaliation and not discrimination, but the court cannot say her claim is not plausible based on a liberal reading. *See Concentra Health*, 496 F.3d at 781.

Ms. Graham also alleges claims of retaliation. She claims that her termination was the result of her complaining about her pay rate decrease and Mr. Ridge's racial comments. She also references other instances of retaliation by William Leinert, ECF 1-1 at 8; however, she does not specify what that included other than her termination.

It is a violation of Title VII to retaliate against any employee because "[she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3. To state a claim of retaliation, Ms. Graham need only allege "that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity, though she need not use those terms, of course." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013) (citing *McKenzie v. Illinois Dept. of Transp.*, 92 F.3d 473,

---

[2] In her second response to the motion to dismiss (titled "Second Reply Brief"), Ms. Graham finally refers to her age and gender (ECF 17 at 2), but not in a way that supports any age or gender discrimination claim in this case.

6

483 (7th Cir. 1996)). The protected activity must be specifically identified. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (citing *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781 (2007)).

Ms. Graham does not allege she participated in any sort of formal investigation, either through the EEOC or internally at Coca-Cola; instead, Ms. Graham alleges that she made complaints with Mr. Ridge about her pay rate and complained about Mr. Ridge's remarks at a meeting with management. Informal complaints to management of her sort are sufficient to provide an employer with notice to establish employer liability—thus constituting a protected activity. *See Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009). Termination unquestionably constitutes an adverse employment action, *see e.g., Castro v. DeVry University, Inc.,* 786 F.3d 559, 564 (7th Cir. 2016), as it would dissuade an employee from engaging in protected activity, *see Poullard v. McDonald*, 829 F.3d 844, 857 (7th Cir. 2016). In short, Ms. Graham has pleaded all she needs to state a claim of retaliation.

C.  Coca-Cola's Motion for a More Definite Statement

A motion for a more definite statement is permitted by Federal Rule of Civil Procedure 12(e) when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" Rule 12(e) motions are generally disfavored, *see Moore v. Fidelity Fin. Servs., Inc.*, 869 F.Supp. 557, 559-60 (N.D. Ill. 1994), but are are appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice," *Swierkiewicz*, 534 U.S. at 513-14. This complaint provides sufficient notice and clarity, so the motion for a more definite statement is denied. To assist in answering the complaint as pleaded, Coca-Cola may treat each sequential paragraph as a numbered paragraph.

CONCLUSION

Accordingly, the court DENIES Coca-Cola's motions to dismiss and for a more definite statement. ECF 10. In addition, Ms. Graham has the right to proceed in this case *pro se*, but she should become acquainted with the rules of this court (both Federal Rules of Civil Procedure and N.D.

7

Indiana Local Rules, all available online) and governing law. To the extent Ms. Graham believes that she might benefit from the assistance of counsel, the court advises her that she may be entitled to the appointment of counsel in her case. *See* 42 U.S.C. § 2000e-5(f)(1) ("upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for [a] complainant[.]"). If she were to make such a motion, she should address the following factors: (1) the merits of her claims; (2) her diligence in attempting to obtain a lawyer; and (3) her financial ability to retain counsel. *See Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 500–01 (7th Cir. 1986). The court would consider these factors upon the receipt of such a motion.

SO ORDERED.

December 12, 2019            *s/ Damon R. Leichty*
                             Judge, United States District Court